IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNY WATSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-01207-E-BT |
| | § | |
| TZ INSURANCE SOLUTIONS, LLC, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant TZ Insurance Solutions, LLC's Consolidated Rule 12(b)(5) and 12(b)(6) Motion to Dismiss (ECF No. 9). Plaintiff Jenny Watson, proceeding pro se, did not file a response to the Motion, and the time for doing so has expired.

Having considered the Motion, the record, and applicable law, the undersigned recommends that the District Judge **GRANT** Defendant's Motion under Rule 12(b)(5) because Plaintiff failed to properly effectuate service of process. Because dismissal is warranted on that basis, the District Judge need not reach Defendant's alternative arguments under Rule 12(b)(6).

## Background

Plaintiff filed this action on April 15, 2026, asserting claims against Defendant arising from her employment. *See generally* Compl. (ECF No. 3). The Court ordered Plaintiff to effect service of process by July 14, 2026, and advised

her that failure to timely serve Defendant could result in dismissal. Ord. (ECF No. 6).

Plaintiff tried to serve Defendant by delivering the summons and Complaint to Adrianne Jackson and Marilyn Rojasat Defendant's offices. Server's Aff. (ECF No. 7). But Defendant represents that neither Jackson nor Rojas was its registered agent, officer, managing or general agent, or otherwise authorized to accept service on its behalf. Mot. at 2 & n.1. (ECF No. 9). Defendant further represents that it maintained a registered agent for service of process in Texas throughout the relevant period and that Plaintiff did not attempt to serve that agent. *Id.*

The Rule 4(m) deadline has expired. Plaintiff has not responded to Defendant's Motion or otherwise explained her failure to properly serve Defendant.

**Legal Standards**

Rule 12(b)(5) permits a defendant to challenge the sufficiency of service of process. Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013). When service of process is challenged, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam).

Rule 4(h) governs service on corporations and other organizations. Fed. R. Civ. P. 4(h). Under Rule 4(h)(1), service may be accomplished by delivering a copy of the summons and complaint to an officer, managing or general agent, or another

agent authorized by appointment or by law to receive service. Fed. R. Civ. P. 4(h)(1)(A). Rule 4(h)(1)(A) also permits service in the manner prescribed by Rule 4(e)(1), which in turn permits service in accordance with the law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1), (h)(1)(A).

Under Federal Rule of Civil Procedure 4, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on a motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for their failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure.").

"Good cause" under Rule 4(m) requires at least as much as would be necessary to establish excusable neglect; "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Good cause ordinarily requires

a showing of good faith and "some reasonable basis for noncompliance within the time specified." *Id.*

The Fifth Circuit has recognized that, when a plaintiff fails to establish good cause, the district court retains discretion to either dismiss the action or extend the time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The Court also has "broad discretion in determining whether to dismiss an action for ineffective service of process." *Moody Nat'l Bank, N.A. v. Bywater Marine, L.L.C.*, 544 F. App'x 384, 386 (5th Cir. 2013) (per curiam) (citing *George v. U.S. Dep't of Lab.*, 788 F.2d 1115, 1116 (5th Cir. 1986)).

Although courts may afford pro se litigants some leniency in perfecting service, pro se status does not excuse compliance with the Federal Rules of Civil Procedure. *Sys. Signs Supplies*, 903 F.2d at 1013 (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)). Indeed, the Fifth Circuit has explained that, when a failure to effect service is attributable to a plaintiff's "dilatoriness or fault" or "inaction," dismissal may be appropriate. *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344–45 (5th Cir. 2007) (per curiam) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1109–10 (5th Cir. 1987)).

In exercising its discretion, the Court may consider such circumstances as the plaintiff's good-faith effort to effect service, the reason for the failure, and whether there is good cause for allowing another opportunity to serve. *See Monroe v. Tex. Util. Co.*, No. 3:01-CV-1012-D, 2002 WL 413866, at *2–3 (N.D. Tex. Mar. 11, 2002).

**Analysis**

Plaintiff has not met her burden of proving that she properly served Defendant or that good cause warrants an extension of the service deadline.

Plaintiff has not shown that she served Defendant's registered agent or another person authorized to accept service on Defendant's behalf. Instead, Plaintiff delivered the summons and Complaint to Jackson and Rojas. Server's Aff. (ECF No. 7). Defendant represents, and Plaintiff has not disputed, that neither individual was authorized to accept service for Defendant. Mot. at 2 & n.1. (ECF No. 9). Thus, Plaintiff has not established that service complied with Rule 4(h).

Nor has Plaintiff demonstrated good cause for her failure to properly effect service within the time prescribed by Rule 4(m). Plaintiff was expressly advised by the Court of her obligation to comply with Rule 4 and was given a specific deadline for completing service. Ord. at 1–2 (ECF No. 6). Despite those instructions, Plaintiff failed to serve Defendant's registered agent before the deadline expired. Nor has Plaintiff responded to Defendant's Motion to Dismiss or otherwise presented any facts explaining why she was unable to accomplish proper service.

The Court has considered Plaintiff's pro se status. But pro se litigants are not exempt from the Federal Rules of Civil Procedure, and Plaintiff's pro se status, standing alone, does not constitute good cause for defective or untimely service. *See Sys. Signs Supplies*, 903 F.2d at 1013; *see also Kersh*, 851 F.2d at 1512. Here, Plaintiff has not identified any circumstance beyond her control that prevented

proper service, nor has she provided any reasonable basis for her failure to comply with the Court's service deadline. *See Lambert*, 44 F.3d at 299.

The Court also recognizes that dismissal for insufficient service is discretionary and that, in appropriate circumstances, a court may quash defective service and allow a plaintiff additional time to effect service. *See Thompson*, 91 F.3d at 21; *see Moody Nat'l Bank*, 544 F. App'x at 386. But this is not a case in which Plaintiff has demonstrated good cause or identified circumstances warranting another opportunity. Plaintiff was given notice of the service requirement and a specific deadline, failed to properly serve Defendant during that period, and did not respond to the Motion or explain her failure.

Accordingly, the Court concludes that dismissal under Rule 12(b)(5) is warranted. *See, e.g.*, *Styles v. McDonald's Rest.*, 2019 WL 2266636, at *5 (E.D. Tex. Jan. 28, 2019) (recommending dismissal under Rule 12(b)(5) where the plaintiff had been apprised of deficiencies in service and failed to establish proper service or good cause for an extension), *rec. adopted*, 2019 WL 1219117, at *1 (E.D. Tex. Mar. 15, 2019).

Because the Court can resolve the Motion on Rule 12(b)(5) grounds, it need not address Defendant's alternative arguments under Rule 12(b)(6) and should express no opinion regarding the sufficiency or merits of Plaintiff's Title VII or ADA claims. Avoiding a merits determination is appropriate because a dismissal for insufficient service of process does not adjudicate the substantive validity of

those claims and Plaintiff may seek to pursue any claims available to her in a future action, subject to all applicable procedural and limitations requirements.

## Recommendation

For these reasons, the District Judge should **GRANT** in part Defendant TZ Insurance Solutions, LLC's Consolidated Rule 12(b)(5) and 12(b)(6) Motion to Dismiss (ECF No. 9) and **DISMISS WITHOUT PREJUDICE** Plaintiff Jenny Watson's claims against Defendant pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

**SO RECOMMENDED**.

September 15, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).